WALTER C. COLE, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Statute of frauds — assignment of the claim of an employee for wages — the assignor may empower the assignee to fill in the blanks therein.*

An employee of the defendant, being indebted to one Cuff, assigned his wages to the latter by a printed form, in which the names, amounts and dates were left blank, it being agreed between the parties, at the time of the execution of the assignment, that Cuff should have power to fill in the blanks when necessary. Cuff having filled in the blanks, and assigned his claim to the plaintiff, the latter brought this action against the defendant to recover the amount thereof.

*Held*, that the assignment of the wages of the employee, and the authority given to the assignee to fill in the blanks, constituted a valid contract within the statute of frauds, and that the plaintiff was entitled to recover.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

The action was brought to recover upon assignments of claims of various employees of the defendant agreed for as wages. The right of the plaintiff to enforce the claim of one Sexton was contested upon the trial, and upon the hearing of this appeal. The court found as to this claim that during the month of December, 1883, one Andrew Sexton was in the employ of the defendant in the capacity of a hostler, and for the said month the defendant became and was indebted to said Sexton in the sum of sixty-five dollars for wages earned by said Sexton during said month. That on the 31st day of December,

1883, said Sexton was indebted to one Andrew Cuff in an amount exceeding said sum of sixty-five dollars, and prior thereto executed and delivered to said Cuff an assignment of his said wages from the defendant, which assignment was a printed form therefor, as follows :

THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY:

I,        , in consideration of $        , to me paid by        , the receipt whereof is hereby acknowledged, have sold and assigned, and hereby do sell and assign to the said        a certain debt due to me from the New York, Lake Erie and Western Railroad Company, amounting to sixty-five dollars, for labor and services performed for said company by me on the        division during the month of        , 18  .

And I do hereby make, constitute and appoint the said my true and lawful attorney for me; and in my name, place and stead, to receipt to said company for all such wages or salary, as above stated, in my name, or otherwise, upon the books, pay-rolls, or other vouchers or papers of said company for the same, the same as though I were personally present and acting in the premises, hereby ratifying all that my said attorney may do in the premises.

And I do further agree to and with said        in consideration of the premises aforesaid if I shall at any time draw or receive such wages or salary so assigned by me to        , or any part thereof, that I will receive the same solely as a servant of said        , and that I will bring and transport the same immediately to said        and deliver it to        , and that the consideration of the assignment received by me, as aforesaid, shall and is hereby accepted by me as my full compensation for such services. Nothing contained herein shall be deemed to authorize me to draw or receive such wages as an agent or servant of said        without his consent first to be obtained.

Witness my hand at Port Jervis, N. Y., the        day of,        18  .

(Signed)        ANDREW SEXTON.

Signed and delivered in presence of

JOHN CUFF.

And that the blanks in the printed form of said assignment were not filled in at the time the same was executed, but were filled in on the said 31st day of December, 1883, pursuant to an agreement

between said Sexton and said Cuff at the time said assignment was executed in relation thereto, and that thereupon said Cuff became the legal owner of said claim of said Sexton for said wages earned by him for and during said month of December, 1883. That thereafter said Cuff caused said aforesaid assignment to be presented to the defendant and demanded payment thereof to him, and that the defendant refused and neglected to pay the same, or any part thereof. That about the 21st day of February, 1884, said Andrew Cuff, for a valuable consideration, duly assigned and transferred to the plaintiff all his right, title and interest in and to said claim of said Sexton. and that the plaintiff is now the legal owner thereof.

*Lewis E. Carr*, for the appellant.

*John W. Lyon*, for the respondent.

BARNARD, P. J.:

The case presented does not seem to be covered by the principles invoked by the learned counsel for the appellant. There must be a complete contract in writing to take a case out of the statute of frauds. (*Drake* v. *Seaman*, 97 N. Y., 230.) The paper in question is perfect and complete. One Sexton was an employe of the defendant. He was trading with Cuff. The papers were made out to be filled up by Cuff so as to apply to the period of the default by Sexton. Sexton failed to pay in December, 1883, and Cuff filled up the blanks by express authority of Sexton, given at the date of the execution in blank. When this power was exercised the paper became a completed paper as if executed by the assignor himself. There are cases which hold that the delivery of a paper in blank carries with it the implied power to fill up the blanks. It is not necessary to go so far in this case, as the power was given in fact to fill the blanks. A power may be created by parol to execute a paper under seal so as to escape the operation of the statute of frauds. (*Worrall* v. *Munn*, 1 Seld., 229.) The fair meaning of the verbal assignment is, that the assignment was made to cover any default "if he failed to pay for any wages for any month. It was not intended to be so restricted that there must be a failure to pay in November before it could be filled up for December wages. It could be filled up as of thirty-first

December for a default in December. The salary was earned at the date of the assignment. It was not intended to operate until there was a default, and it was not filled up until a default had happened.

These conclusions apply as well to the portion of plaintiff's claim acquired by assignment from Middaugh. There was the same power given to fill up the blanks and executed in the same way upon a default. The controversy as to the payment under this part of the plaintiff's claim must be left as found. The evidence is conflicting, but not so preponderating as to call for a reversal of the finding. The part of the claim of the plaintiff devised by assignment from Aber was entirely disputed. Aber testified that he did not execute the assignment of Langton through whom the plaintiff derived title. Langton testifies he did. Whether the debt was represented by a note of thirty dollars and ninety-six cents, and an account for a small sum in addition, or whether the note included all, is of no moment in itself. Even a mistake upon this point does not very materially tend to solve the question of the signature to the assignment in April, 1883.

We are led, therefore, to the conclusion that the judgment is right, so far as it is appealed from, and that it should be affirmed, with costs.

Dykman and Pratt, JJ., concurred.

Judgment affirmed, with costs.