(59 App. Div. 120.)

SEYMOUR v. WARREN et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. STATUTE OF FRAUDS—CONTRACTS—SUFFICIENCY—CONSIDERATION.

A letter from defendants, in 1897, to plaintiff, agreeing to take entire charge of certain premises, keeping them in good order, and paying all expenses, until May 1, 1900; further agreeing to pay $75 per month, beginning May 1, 1897, and if, at the expiration of the agreement, the rent had advanced, and the agreement was renewed, to increase the monthly payment in proportion to the advance in rent,—was not a sufficient writing within the statute of frauds, since it did not show consideration for defendants' promise.

**2. SAME—WHOLE OF CONTRACT—SHOWING—NECESSITY.**

If the agreement between the parties was that defendants should pay taxes and interest on mortgage, the writing did not comply with the requirements of the statute of frauds, as it confined defendants' liability to the outlay incident to keeping the property in good order, and did not contain the whole agreement.

**8. SAME—PAROL EVIDENCE—ADMISSIBILITY.**

Where an agreement not to be performed within a year was void, within the statute of frauds, because it did not show consideration and contain the whole agreement, parol evidence was not admissible to remedy the defects.

**4. CONTRACTS—CONSTRUCTION.**

An agreement to take entire charge of certain premises, keep them in good order, and pay all expenses, and pay a certain amount per month therefor, is not an agreement to pay taxes and interest on a mortgage on the premises, since the expenses are merely those incident to keeping the property in good order.

Appeal from special term, Queens county.

Action by Cornelia Seymour against Walter H. Warren and another for breach of contract. From an order granting a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Edmund L. Mooney (Frederick A. Card, on the brief), for appellant. James J. Allen, for respondents.

HIRSCHBERG, J. The action of the learned trial justice in setting aside the verdict secured by the plaintiff was based on the theory that the contract or memorandum upon which the suit is brought is insufficient under the statute of frauds. The suit is for damages for alleged breach of agreement. The complaint alleges that on or about the 26th day of March, 1897, the plaintiff entered into an agreement with the defendants, whereby the defendants agreed to take entire charge of the premises No. 100 West 109th street, corner of Columbus avenue, in the city of New York, to keep the same in good order, and pay all expenses, taxes, interest on mortgage, and other charges against said premises until May 1, 1900; the rents of the said premises to be received by the defendants for their own use; and in consideration thereof the defendants agreed to pay to the plaintiff the sum of $75 per month, beginning May 1, 1897. The defendants pleaded the statute of frauds as a defense, and, as the agreement is unquestionably one which, by its terms, is not to be performed within one year from the making thereof, it was void unless in writing. To meet the requirements of the statute, the plaintiff produced upon the trial the following letter, signed by the defendants, and received by her under date of March 26, 1897, viz.:

"Dear Madam: We agree to take entire charge of the premises No. 100 West 109th street, corner Columbus Ave., keeping it in good order, and paying all expenses until May 1st, 1900. We further agree to pay you the sum of seventy-five dollars ($75) per month. beginning May 1st, 1897. If, at the expiration of this agreement, the rent of said property shall have advanced, and if said agreement shall be renewed, we will increase the monthly payment to you in proportion to the advance in rents."

The principal breach of the agreement set up in the complaint is the failure and refusal on the part of the defendants to pay what is alleged as "the proportionate part" of the taxes and 'the interest on the mortgage on the premises, such proportionate part probably being in relation to the amount of rent in excess of $75 per month, if any. The complaint alleges that the defendants, on or about January 25, 1899, informed the plaintiff that, if she desired to avoid foreclosure, she must pay the taxes on the premises to the amount of $440, which she did, and which sum she complains that the defendants have failed to repay her. The document relied on by the plaintiff is fatally defective in two particulars, viz.: First, it does not express the consideration stated in the complaint to the effect that the defendants were to have the rents in excess of $75 per month, nor, indeed, does it express any consideration for defendants' promise; and, second, it does not contain any agreement on the part of the defendants to pay taxes, interest on the mortgage debt, and other charges, but expressly confines their liability to the outlay incident to keeping the property in good order. As to the consideration, it needs no authorities to establish the proposition that a valid promise requires a consideration to support it. It may be conceded that, as the statute does not require the consideration to be expressed in the agreement, or note, or memorandum, it would be sufficient if it appeared that a consideration existed, notwithstanding the precise nature of it was not manifested. Prior to the insertion in the statute of the requirement that the consideration should be expressed in certain writings, the current of authority was to the effect that the consideration should be expressed as an essential part of the agreement. After the passage of chapter 464 of the Laws of 1863, by which the clause requiring the consideration to be expressed in the writing was struck out of the statute, it was held that the effect was not to destroy or annul the requirement that the writing must contain all the substantial and material terms of the contract. Drake v. Seaman, 97 N. Y. 230. The writing, so far as the same is executory, must still show on its face what the whole agreement was. Drake v. Seaman, supra.

In Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890, Chief Judge Follett said (page 585, 118 N. Y., and page 891, 23 N. E.):

"A written guaranty, given by a third party to a creditor, that his debtor will thereafter pay to him a pre-existing debt, must, notwithstanding the amendment of the statute of frauds by chapter 464 of the Laws of 1863, expressly or by fair implication disclose that the promise rests on a legal consideration. Castle v. Beardsley, 10 Hun, 343; Drake v. Seaman, 97 N. Y. 230; Reed, St. Frauds, §§ 423, 426. Since that amendment the courts have held with great uniformity that all of the essential parts of contracts within the amended section must be in writing. Newberry v. Wall, 65 N. Y. 484, 488; Stone v. Browning, 68 N. Y. 598, 604; Drake v. Seaman, supra. The existence, or the acknowledgment of the existence, of a legal consideration for the support of such promise, is not only essential, but is absolutely indispensable. The history of this question is fully given in Church v. Brown, 21 N. Y. 331, and in Drake v. Seaman, supra, and it is quite unnecessary to again go over the cases, or give reasons for the existence of the rule. Speyers v. Lambert, 1 Sweeny, 335, 6 Abb. Prac. (N. S.) 309, and 37 How. Prac. 315, must be regarded as overruled. In Bank v. Kaufmann, 93 N. Y. 273, the defendants were held not to be liable upon their written guaranty, because there was, in fact, no consideration for it, nor was any expressed in the writing. It was said in

Drake v. Seaman, 97 N. Y. 234: 'What was said in Bank v. Kaufmann, 93 N. Y. 273, was not at all intended to decide the question upon which the courts have thus differed. The guaranty there was ·special, and without consideration in fact, and the question now under discussion was not before the courts.' "

In Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, the same ruling was applied to a written memorandum of a contract of sale, and the memorandum was held void because it did not name or describe the vendor.  The court said, per Brown, J. (page 497, 122 N. Y., and page 1046, 25 N. E.):

"The whole current of authority in this state is that the memorandum must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is."

See, also, Newberry v. Wall, 65 N. Y. 484, and Stone v. Browning, 68 N. Y. 604.

It is to be observed that the writing in question makes no mention or suggestion of a consideration emanating from the plaintiff and inuring to the benefit of the defendants.  The defendants agree to take charge of the premises, to keep them in order, to pay the expenses, and to pay the plaintiff $75 per month.  The plaintiff does not agree to do anything, or to pay anything.  There is no statement that the defendants are to receive anything as a consideration for what they are to do.  The plaintiff says they were to collect and receive the rents, paying the $75 per month out of the rents, and retaining the balance.  The memorandum does not say so.  It does not even say that the $75 is to be paid from the rents.  It does say that if the rents advance the monthly payment shall increase in proportion; but that does not necessarily involve the proposition that the payment shall come from the rents collected.  The plaintiff further claims that the possession and control of the property by the defendants is a consideration.  Here, too, the agreement is defective, for there is no statement that the defendants are to have control, the plaintiff not even agreeing that they may take charge of the premises.  The case is not unlike the one of Lees v. Whitcomb, 5 Bing. 34, where the defendant agreed in writing to remain with the plaintiff for the period of two years for the purpose of learning the business of a dressmaker, and the memorandum was held insufficient because the whole agreement did not appear; the engagement on the plaintiff's part to teach being essential, and no such engagement appearing in the writing. In Wright v. Weeks, 25 N. Y. 153, Judge Allen said (page 161):

"It was decided as early as 1804, in Wain v. Warlters, 5 East, 10, that a writing could not be a memorandum of an agreement unless it contained the whole agreement,—that is to say, the parties, and the consideration, and the subject-matter, as well as the promise,—and this is now well established as law.  It was then held that the word 'agreement,' in the statute, included not only the promise, but the consideration for it; and that parol evidence could not be given of the consideration of a promise, which, upon the face of the written engagements, was a nudum pactum."

This doctrine has not been substantially modified.  While a seal, or the words "value received," have been held sufficient, and while the consideration accordingly need not be expressed, there must, at least, be some expression of a consideration, or the fair and necessary in-

ference of one, arising from the language used, to indicate that the note or memorandum embodies a binding and valid agreement. It is equally obvious that, if the parties actually made the agreement alleged in the complaint, and the undertaking on the part of the defendants was to pay the taxes, the interest on the mortgage, water rates, insurance, and all other charges, in addition to the expenses of keeping the property in repair, the writing does not contain the whole agreement in this respect, and therefore fails to comply with the requirements of the statute. The deficiency cannot be supplied by parol, or the purpose of the statute would be destroyed, which is to free contracts which extend beyond a year from the uncertainties and possible frauds of speech. There is no ambiguity. The defendants agree to keep the premises in good order, paying all expenses. The collocation indicates that the expenses referred to are those incident to the keeping of the property in good order, and such expenses can no more be extended by construction to the taxes, insurance, and interest than they could be to a judgment or the principal of the mortgage, or the interest of a new mortgage which the plaintiff might put upon the place. The case of Foster v. Goddard, 1 Black, 506, 17 L. Ed. 228, is quite distinguishable. There the court had under consideration a contract to pay a share of the net profits in a business enterprise which would remain after deducting "the actual expenses that may appertain to the goods themselves, including the cost of said Foster's living"; and the court held that the taxes, clerk hire, and advertising were necessary disbursements, to be deducted in ascertaining the net profits. The court said (page 514, 1 Black, and page 230, 17 L. Ed.): "It was certainly not the intention of the parties that the defendant should make a donation by any expenditure in the business." In the case at bar, however, there is no suggestion of the ascertainment of net profits, viz. the difference between receipts and disbursements; nor do I think the word "expenses" indefinite, even, or that oral testimony could be received to explain its meaning, independently of the requirements of the statute. But, be that as it may, it is clear that it does not necessarily embrace and include the items of expenditure which are essential to the plaintiff's claim. The language of Judge Finch in Drake v. Seaman, supra, is quite applicable (page 237, 97 N. Y.):

"We cannot hold this memorandum sufficient without a dependence upon parol evidence which would practically nullify the statute; and, since we have held that one party may be bound by his signature, while the other party, not signing, is not bound at all (Mason v. Decker, 72 N. Y. 595), it becomes very important for the party who does sign and is bound that the rule should be firmly adhered to which requires the real contract to be stated, with its substantial terms and conditions."

The cases cited by the appellant's counsel adjudging the specific performance of contracts voidable but partly performed, or performed in full by one party, relate solely to equitable jurisdiction, and have no application to an action at law to recover damages for the breach of such a contract.

The order should be affirmed, with costs. All concur.