(61 Misc. Rep. 298.)

### RUGGERIO v. LEUCHTENBURG.

(Supreme Court, Appellate Term. December 16, 1908.)

1. FRAUDS, STATUTE OF (§ 113\*)—REAL PROPERTY—CONTRACTS TO SELL LAND—SUFFICIENCY OF MEMORANDUM.

    The memorandum of a contract for the sale of land required by the statute of frauds must contain all the substantial and material terms of the contract, and must show the whole agreement so far as it is executory.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 240; Dec. Dig. § 113.\*]

2. FRAUDS, STATUTE OF (§ 152\*)—PLEADING—NECESSITY.

    Though the written memorandum for the sale of land did not contain all the terms of the contract as required by the statute of frauds, where the statute was not pleaded, the memorandum will be treated as the contract.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 363; Dec. Dig. § 152.\*]

3. VENDOR AND PURCHASER (§ 80\*)—CONTRACTS FOR SALE—CONSTRUCTION—EVIDENCE TO AID—PRESUMPTION—CONSIDERATION—PAYMENT.

    Where a contract for the sale of land provided that the price should be a certain sum, no other terms being stated, the amount will be presumed payable in cash.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 132; Dec. Dig. § 80.\*]

4. EVIDENCE (§ 417\*)—PAROL EVIDENCE AFFECTING WRITINGS—VARYING TERMS OF CONTRACT.

    Where a written contract for the sale of land provided that the price should be a certain sum, but stated no other terms, so that it must be presumed that the amount was payable in cash, parol evidence to show the terms of payment varied the terms of the contract, and its admission was error.

    [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 417.\*]

5. VENDOR AND PURCHASER (§ 344\*)—REMEDIES OF PURCHASER—ACTION FOR BREACH OF CONTRACT—CONDITIONS PRECEDENT—TENDER OF PERFORMANCE.

    Plaintiff, not having tendered performance on his part, cannot recover damages for breach of defendant's contract to sell land.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1031; Dec. Dig. § 344.\*]

6. VENDOR AND PURCHASER (§ 351\*)—REMEDIES OF PURCHASE—ACTIONS FOR BREACH OF CONTRACT—DAMAGES.

    In an action for breach of a contract to sell a farm and the products thereon, no special damages being alleged, in the absence of fraud, plain-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff could only recover the amount of his deposit with interest, and the expense caused him by the breach.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1047; Dec. Dig. § 351.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joseph Ruggerio against Rudolph Leuchtenburg. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

William G. Mulligan, for appellant.
Herman B. Goodstein, for respondent.

HENDRICK, J. In view of the fact that the statute of frauds was not pleaded as a defense, the written memorandum between the parties must be treated as the contract for the sale of the farm in question and the farm products. It is a well-settled rule in this state that the memorandum required by the statute must contain all the substantial and material terms of the contract between the parties. It must show on the face what the whole agreement is, so far as the same is executory. Drake v. Seaman, 97 N. Y. 230. The memorandum in question is wholly lacking as to other conditions of sale, but it is complete as to the amount to be paid, $3,500, and, no other terms being expressed, the amount will be presumed to be payable in cash. The introduction of parol evidence of the terms of payment was a varying of the terms of the written contract, and constituted error when objected and excepted to. No tender of performance was made by the plaintiff, and hence he is not in a position to recover. Moreover, the rule of damages adopted by the court was erroneous. The contract was for the sale of the farm and the farm products, and is an entirety. No special damages were pleaded, and, in the absence of fraud, the damages, if any, must be limited to the return of the deposit, with interest, and the expenses to which plaintiff had been put.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.