EVANS et al. v. PELTA et al.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. FRAUDS, STATUTE OF (§ 158*)—SALE OF GOODS—MEMORANDUM—REQUISITES.
   While the evidence necessary to satisfy the statute of frauds with reference to a sale of goods need not all be comprised in a single writing, parol evidence cannot be resorted to, to supply any of the essential terms of the contract, which the writing or writings relied on omit.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 373–376; Dec. Dig. § 158.*]

2. FRAUDS, STATUTE OF (§ 118*)—SALE OF GOODS—"MEMORANDUM"—LETTERS.
   Where letters passing between buyer and seller of certain goods did not disclose the kind or quantity of goods or purchase price, and contained no reference either to memorandum made by salesman at the time he received an order or to an invoice made by the seller when the goods were shipped, and it was impossible from the letters to ascertain the terms of the sale, they were insufficient to constitute a "memorandum," within the statute of frauds.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 262–265; Dec. Dig. § 118.*

   For other definitions, see Words and Phrases, vol. 5, pp. 4472, 4473, vol. 8, p. 7720.]

Appeal from Appellate Term.

Action by Bertha Evans and another, doing business under the name of Evans & Co., against Charles J. Pelta and another, doing business under the name of Pelta Bros. From a determination of the Appellate Term, affirming a judgment of the City Court in favor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of plaintiffs, in an action for goods sold and delivered, defendants appeal. Reversed, and new trial granted.

See, also, 129 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and CLARKE, JJ.

H. A. Rosenberg, for appellants.

Nathan Friedman, for respondents.

MILLER, J. The question involved in this case is whether the defendants' letters were sufficient to take the contract of sale out of the operation of the statute of frauds. It appears that on the 7th of December, 1907, the defendants, at Colorado Springs, Col., gave the plaintiffs' agent an order for merchandise of the value of $366.45. While a memorandum of the order was made by the agent, and transmitted to the plaintiffs, it was not signed by the defendants. On March 4, 1908, the defendants wrote the plaintiffs, acknowledging that they "placed an order for a few skirts December 7th," and requesting the plaintiffs to delay shipping. On the 1st of April, 1908, the defendants again wrote the plaintiffs, stating, "We will let you know when to ship goods bought." On the 6th of May, 1908, the plaintiffs shipped the goods and mailed an invoice. On the 19th of May, 1908, the defendants wrote the plaintiffs, acknowledging the receipt of a letter of May 13th, which does not appear in the record, and saying:

"In reply will state our reasons for not receiving the package. When we countermanded the order placed with you, we can assure you it was not from choice."

[1] It is impossible to tell from the letters relied upon, or from anything to which they refer, what the terms of the sale were. At most, the letters contain an admission that the defendants had ordered certain goods, without disclosing the kind, quantity, or purchase price. The letters contain no reference either to the memorandum made by the salesman at the time of receiving the order, or to the invoice mailed by the plaintiffs on May 6th. While it is quite true that the evidence necessary to satisfy the statute need not all be comprised in a single writing, it still is equally true that verbal evidence cannot be resorted to, in order to supply any of the essential terms of the contract which the writing or writings relied upon omit. Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959, 55 Am. St. Rep. 680; Brauer v. Oceanic Steam Navigation Co., 178 N. Y. 339, 70 N. E. 863.

[2] Without the testimony of the salesman who took the order, it would be absolutely impossible to tell a single element of the terms of sale. At most, we have a memorandum, signed by the defendants, admitting that they had given some sort of an order; but that is not sufficient to satisfy the requirements of the statute.

The order of the Appellate Term and the judgment of the City Court should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.