BAUMAN et al. v. MENDLE–LUNEPP CO.

(Supreme Court, Appellate Term, First Department. June 10, 1915.)

FRAUDS, STATUTE OF ☞111 — SALE OF GOODS — MEMORANDUM — SUBSEQUENT CORRESPONDENCE—DISPUTE AS TO TERMS—EFFECT.

Where correspondence between a seller and a buyer of goods subsequent to the sale showed that there was some transaction of sale, but throughout the entire correspondence there was disagreement as to the kind and quality of the goods ordered, such correspondence did not satisfy the statute of frauds, as the written memorandum required must set forth fully the terms of the contract as admitted by the buyer.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 237; Dec. Dig. ☞111.]

Appeal from City Court of New York, Trial Term.

Action by Hyman Bauman and others against the Mendle-Lunepp Company. From a judgment for plaintiffs, and from an order denying its motion for a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Isaac Steinhaus, of New York City, for appellant.
Henry S. Mansfield, of New York City, for respondents.

GUY, J. The action is brought to recover the alleged agreed price for 50 pieces of No. 519 net alleged to have been sold by the plaintiffs to the defendant. The answer denies all the allegations of the complaint, except that of nonpayment, and sets up by way of a first defense that the plaintiffs agreed to sell and deliver to defendants 50 pieces of net of a certain kind and quality; that plaintiffs failed to deliver such merchandise, but tendered merchandise inferior to said kind and quality, which defendant subsequently returned as not in conformity with the contract. As a second defense the answer also set up the statute of frauds.

There was no memorandum of sale, signed by the vendee, or by any one on its behalf. The order for the goods was given over the telephone by one Gold, representing the defendant, and was received by plaintiffs' woman telephone operator. It is contended by the respondents that the subsequent correspondence between the parties constituted a memorandum signed by the defendant as to the making of the contract, sufficient to take the case out of the statute of frauds. The correspondence in question does unquestionably constitute a written admission by the defendant of the making of a contract for 50 pieces of net; but throughout the entire correspondence there is a disagreement as to the kind and quality of the goods ordered. It is unquestionably the rule that the written memorandum signed by the vendee, in order to take the case out of the statute, need not consist of a single instrument, but may consist of the entire correspondence between the parties, provided the correspondence, taken as a whole, constitutes a written instrument signed by the vendee, which sets forth the contract in full between the parties and an admission by the defendant of the making of such a contract; but it must set forth fully the terms of the contract as admitted by the vendee.

"The whole current of authority in this state is that the memorandum must contain substantially the whole agreement and *all its material terms and conditions*, so that one reading it can understand  *   *   *   what the agreement is."  Seymour v. Warren, 59 App. Div. 123, 69 N. Y. Supp. 239.

In Evans v. Pelta, 146 App. Div. 750, 131 N. Y. Supp. 412, the court says:

"It is impossible to tell from the letters relied upon, or from anything to which they refer, what the terms of the sale were. At most, the letters contained an admission that the defendants had ordered certain goods without disclosing the kind, quantity, or purchase price.  *   *   *   At most we have a memorandum, signed by the defendants, admitting that they had given some sort of an order; but that is not sufficient to satisfy the requirements of the statute."

The judgment and order must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.