As to directors who were not members of the executive committee, judgment reversed, with costs, and complaint dismissed, with costs; in other respects, judgment modified in accordance with opinion of Mr. Justice PAGE, and, as so modified, affirmed, with costs as against the remaining defendants.

---

HYMAN BAUMAN and HENRY W. ROBERTS, Appellants, v. MENDLE-LUNEPP COMPANY, Respondent.

First Department, December 3, 1915.

Statute of Frauds — sale of goods — correspondence not satisfying statute.

A memorandum of an agreement to purchase goods in order to take a case out of the Statute of Frauds must contain substantially the whole agreement and all its material terms and conditions, so that one reading it can understand what the agreement is.

Hence, correspondence which while admitting an agreement to purchase goods indicates throughout a disagreement between the parties as to the kind and quality of the goods, is insufficient to satisfy the statute.

APPEAL by the plaintiffs, Hyman Bauman and another, from a determination of the Appellate Term of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on or about the 10th day of June, 1915, reversing a judgment of the City Court of the City of New York in plaintiffs' favor.

*Henry S. Mansfield,* for the appellants.

*Isaac Steinhaus,* for the respondent.

Determination affirmed, with costs, on opinion of GUY, J.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, SCOTT and DOWLING, JJ.

The following is the opinion of the Appellate Term:

GUY, J.:

The action is brought to recover the alleged agreed price for fifty pieces of No. 519 net, alleged to have been sold by plaintiffs to defendant.

The answer denies all the allegations of the complaint except that of non-payment, and sets up by way of a first defense that plaintiffs agreed to sell and deliver to defendant fifty pieces of net of a certain kind and quality; that plaintiffs failed to deliver such merchandise, but tendered merchandise inferior to said kind and quality, which defendant subsequently returned as not in conformity with the contract. As a second defense the answer also sets up the Statute of Frauds. There was no memorandum of sale signed by the vendee or any one on its behalf. The order for the goods was given over the telephone by one Gold, representing the defendant, and was received by the plaintiffs' woman telephone operator.

It is contended by the respondents (appellants in Appellate Division) that the subsequent correspondence between the parties constitutes a memorandum signed by the parties as to the making of the contract sufficient to take the case out of the Statute of Frauds.* The correspondence in question does unquestionably constitute a written admission by the defendant of the making of the contract for fifty pieces of net, but throughout the entire correspondence there is a disagreement as to the kind and quality of the goods ordered. It is unquestionably the rule that the written memorandum signed by the vendee in order to take the case out of the statute need not consist of a single instrument, but may consist of the entire correspondence between the parties, provided the correspondence taken as a whole constitutes a written instrument signed by the vendee which sets forth the contract in full between the parties and an admission by the defendant of the making of such contract, but it must set forth fully the terms of the contract as admitted by the vendee. " ' The whole current of authority in this State is that the memorandum must contain

---

* See Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), § 85, as added by Laws of 1911, chap. 571.— [REP.

substantially the whole agreement *and all its material terms and conditions*, so that one reading it can understand from it what the agreement is.'" (*Seymour* v. *Warren*, 59 App. Div. 123.)

In *Evans* v. *Pelta* (146 App. Div. 750) the court says: "It is impossible to tell from the letters relied upon, or from anything to which they refer, what the terms of the sale were. At most, the letters contain an admission that the defendants had ordered certain goods without disclosing the kind, quantity or purchase price. * * * At most, we have a memorandum signed by the defendants, admitting that they had given some sort of an order; but that is not sufficient to satisfy the requirements of the statute."

The judgment and order must, therefore, be reversed and the complaints dismissed, with costs to the appellants in this court and below.