IRWIN LALIN, Respondent, v. DOROTHEA M. DARBY and ROBERT E. PRATT, Appellants.— Action for specific performance of an alleged contract for the sale of real property. Order denying defendant Darby's motion to dismiss the second amended complaint on the ground (1) that it does not state facts sufficient to constitute a cause of action and (2) that the contract on which the action is founded is unenforcible under the Statute of Frauds; and order denying defendant Pratt's motion to dismiss the second amended complaint on the ground first stated, affirmed, with ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon. The efficacy of the plea of the Statute of Frauds will have to be determined after the facts are elicited on the trial. Lazansky, P. J., Carswell, Taylor and Close, JJ., concur; Hagarty, J., dissents with the following memorandum: I dissent and vote to reverse the orders, to grant the motions of appellants, and to dismiss the second amended complaint as to each of them. The question here presented involves the sufficiency of the complaint. The second cause of action alleged depends upon the determination of the question

as to whether or not the first states a cause of action. The alleged written contract, of which specific performance is sought, reads:

"9/18/39

"Received from Irwin Lalin [plaintiff], buyer, fifty dollars ($50—) as deposit upon the purchase price of $7000— for premises owned by Dorothy Darby and located at 225th Street and 141st Avenue, Laurelton, Queens.

"Terms: Cash above $3,000 first mtge Additional $450 to be paid by buyer on September 25, 1939 subject to further terms as agreed to in connection with fixtures.

"(signed)   ROBERT E. PRATT

"*Attorney for Dorothy Darby* [defendant]."

Thus the purchase was conditioned on an agreement, whether it be present or prospective, which is not a part of the writing sought to be enforced. As the conveyance was conditioned upon the agreement with respect to fixtures, the terms of that condition were a material part of the contract. In the absence of a writing with respect thereto, the memorandum relied on is incomplete and does not conform to the requirements of section 259 of the Real Property Law. (*Drake* v. *Seaman,* 97 N. Y. 230; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 id. 310, 314; *Donald Friedman & Co.* v. *Newman,* 255 id. 340; *Ansorge* v. *Kane,* 244 id. 395; *Standard Oil Co.* v. *Koch,* 260 id. 150.) A decree of enforcement could not possibly be formulated without resort to parol evidence.