SUN OIL COMPANY, Respondent, *v.* ALEXANDER A. HELLER, Appellant.

**Contract — guaranty — consideration — Frauds (Statute of) — action on contract of guaranty — sufficiency of memoranda to satisfy Statute of Frauds — performance of implied request to furnish goods on credit a sufficient consideration — sufficient expression of consideration by writing.**

A writing signed by defendant which reads: " I will personally guarantee the payment of oil or gasoline to the Sun Oil Co. in the sum of $7,500 in the event the Checker Taxi Co. does not pay within 30 days after demand is made," is a sufficient memorandum of his promise to answer for the debt of another to satisfy the Statute of Frauds, where, in an action to recover on the guaranty, it is clear from evidence

attending the execution of the writing, admissible to show its meaning, that the guaranty was in part for a new indebtedness for future deliveries of oil and gasoline. Defendant impliedly requested the plaintiff to make further sales to the taxicab company and performance constituted a consideration for the guaranty. The stipulated consideration for the promise is sufficiently expressed by the writing.

*Sun Oil Co.* v. *Heller*, 222 App. Div. 665, affirmed.

(Argued April 9, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 19, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Nathan Siegel, Jr., Nelson Ruttenberg* and *Norbert Ruttenburg* for appellant. Plaintiff failed to plead and prove a cause of action. (*Waldheim* v. *Sonnenstrahl,* 28 N. Y. Supp. 582; *Town of Potsdam* v. *Ætna Cas. & Surety Co.,* 217 N. Y. Supp. 641; *Page* v. *Krekey,* 137 N. Y. 307; *Andes Co-operative Co.* v. *Commercial Casualty Co.,* 201 N. Y. Supp. 664; *Bank of Italy* v. *Merchants Nat. Bank,* 236 N. Y. 106; *Barns* v. *Barrow,* 61 N. Y. 39; *Leeds* v. *Dunn,* 10 N. Y. 469; *Evansville Nat. Bank* v. *Kaufmann,* 93 N. Y. 273.) The trial court allowed the plaintiff a recovery upon a contract not alleged in the complaint nor proved at the trial. (*Union Nat. Bank* v. *Leary,* 79 N. Y. Supp. 217.) The finding of the trial court that the memorandum was part of the oral contract was contrary to the pleadings, the proof and the law, and is reversible error. (*Duncan* v. *Wohl, South & Co.,* 195 N. Y. Supp. 381; *Tobias* v. *Lynch,* 182 N. Y. Supp. 643; *Polucek* v. *Jahoda,* 196 N. Y. Supp. 445.) The written memorandum of guaranty was insufficient under the Statute of Frauds. (*Church* v. *Brown,* 21 N. Y. 315; *Drake* v. *Seaman,* 97 N. Y. 230; *Barney* v. *Forbes,* 118 N. Y. 580; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Tobias* v. *Lynch,* 182 N. Y. Supp. 643; *Ward* v. *Hasbrouck,* 169 N. Y. 407; *Oldham* v. *Pincus,* 65 N. Y. Supp. 691;

*Kronfeld* v. *Natelson,* 187 N. Y. Supp. 449; *Talcott, Inc.,* v. *Greenstein,* 206 N. Y. Supp. 471; *Dawson* v. *Margolies,* 212 N. Y. Supp. 471; *Carter Macy Co., Inc.,* v. *Matthews,* 222 N. Y. Supp. 472.)

*Martin Conboy, Peter F. McAllister* and *Vincent R. Impellitteri* for respondent. The memorandum of guaranty is sufficient under the Statute of Frauds. (*Seymour* v. *Warren,* 179 N. Y. 1; *Union Nat. Bank of Lewisburg* v. *Leary,* 77 App. Div. 332; *Clune* v. *Ford,* 55 Hun, 479; *Littman* v. *Brittain,* 100 Misc. Rep. 255.) Plaintiff alleged and proved a cause of action. (*Waldheim* v. *Sonnenstrahl,* 28 N. Y. Supp. 582; *Town of Potsdam* v. *Ætna Cas. & Surety Co.,* 217 N. Y. Supp. 641; *Page* v. *Krekey,* 137 N. Y. 307; *Barns* v. *Barrow,* 61 N. Y. 39; *Evansville Nat. Bank* v. *Kaufmann,* 93 N. Y. 273; *Lees* v. *Dunn,* 10 N. Y. 469; *Bank of Italy* v. *Merchants Nat. Bank,* 236 N. Y. 106.)

KELLOGG, J. The plaintiff, prior to the 27th day of February, 1924, had sold and delivered to a corporation, known as the Checker Taxicab Company, oil and gasoline of the value of $4,708.70. No part of the sum thus owing had then been paid to the plaintiff. Accordingly the plaintiff declined to make further deliveries to the Checker Taxicab Company. The defendant was the treasurer of the company. On the day named he stated to an officer of the plaintiff that it ought to continue to make deliveries. As a result of a conversation which ensued the defendant made and delivered to the plaintiff a writing reading as follows: " I will personally guarantee the payment of oil or gasoline to the Sun Oil Co. in the sum of $7,500 in the event the Checker Taxi Co. does not pay within 30 days after demand is made." The writing was subscribed by the defendant. Thereafter the plaintiff continued to sell and deliver to the Checker Taxicab Co. oil and gasoline until that company owed

it an additional sum of $2,200.27. Subsequently the taxicab company was declared bankrupt. In the bankruptcy proceedings the plaintiff received a 30 per cent dividend upon its claim, or the sum of $2,072.69. This left the taxicab company indebted to the plaintiff in the sum of $4,836.28. More than thirty days having elapsed after demand of payment made, this action was brought against the defendant upon his guaranty. The plaintiff has had a recovery for the sum stated to be owing, with interest. The question now arising is whether or not the writing signed by the defendant was a sufficient memorandum of his promise to answer for the debt of another to satisfy the Statute of Frauds. (Personal Property Law, § 31; Cons. Laws, ch. 41.)

It will be observed that the writing does not expressly state a consideration for the promise of guaranty. The trial judge said: " It is implicit in this agreement that the vendor was to forbear for thirty days against the vendee." We find no such implication in the writing. Non-payment by the Checker Taxicab Company for a period of thirty days was nothing more than the specified condition upon the fulfillment of which the defendant's promise to pay in its stead was to become operative. Was other consideration implied? We must first determine whether or not the defendant intended to guarantee the payment of a debt already owing, or the payment of a debt which in part was to arise from future transactions. If the former, there was no consideration given for the guaranty. " Unless forbearance or further advances were requested, the difficulty indeed would be deeper than one of the Statute of Frauds; there would be no contract." (Williston on Contracts, sec. 573.) In order to determine the nature of the thing promised, recourse to the circumstances attending the execution of the writing may be had. (Id. sec. 573.) While oral proof of the promise made is not admissible, oral proof of facts from which the meaning of the written promise may be

known is admissible. (*Marks* v. *Cowdin,* 226 N. Y. 138.) In that case it was said by CARDOZO, J.: " We exclude the writing that refers us to spoken words of promise. We admit the one that bids us ascertain a place or a relation by comparison of the description with some ' manifest, external, and continuing fact.' " In our case the writing embodied a conditional promise of the defendant to pay for oil and gasoline delivered to the Checker Taxicab Company " in the sum of $7,500." The taxicab company was then indebted to the plaintiff in no greater sum than $4,708.70. It is self-evident, then, that the defendant contemplated future deliveries of oil and gasoline to that company and the accrual of a new indebtedness therefor. Consequently, it is clear that the guaranty was in part for such new indebtedness. That being the case, we find in the writing an implication that the defendant made his promise in consideration of future deliveries to be made to the Checker Taxicab Company at his request. The consideration for a guaranty is sufficiently stated in a written memorandum which reads: " I guarantee the payment of any goods which J. Stadt delivers to J. Nichols." (*Stadt* v. *Lill,* 9 East, 348.) The same is true where the memorandum reads: " To Barent P. Staats, Esq. I hereby obligate myself to hold you harmless for any endorsement you may make for, or have made for, the late firm of Peck, Howlett & Foster, not exceeding $3,000." (*Staats* v. *Howlett,* 4 Denio, 559.) The same is true of the following memorandum: " Mr. Gates — Sir: I will be responsible for what stock M. E. McKee has had or may want hereafter to the amount of five hundred dollars." (*Gates* v. *McKee,* 13 N. Y. 232.) To the same effect are the following: *Union Bank* v. *Coster's Executors* (3 N. Y. 203); *Rogers* v. *Kneeland* (10 Wend. 218); *Marquand* v. *Hipper* (12 Wend. 520); *Church* v. *Brown* (21 N. Y. 315). It is the theory of all these cases that, where one party agrees with another party that, if such party for a consideration performs a certain act or a

third person, he will guarantee payment of the consideration by such person, the act specified is impliedly requested by the guarantor to be performed and, when performed, constitutes a consideration for the guaranty. Under the authorities cited it cannot be gainsaid that in our case the defendant requested the plaintiff to make further sales to the Checker Taxicab Company, in consideration of which the defendant promised to pay if the taxicab company did not pay, and that the stipulated consideration for the promise was sufficiently expressed by the writing.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment affirmed.