THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY P. BRAY and CAROLINE VALENTINE, Respondents, v. BERNARD KOCH, Clerk of the County of Westchester, and HAROLD W. GIBBS, Commissioner of the Bureau of Elections, Respondents, Impleaded with EARL ELLIOTT, Appellant.— On argument, order modified by providing that the third ballot of the group of six protested ballots, marked " No. 3 " by this court, be declared and adjudged to be entirely void, and that the canvass of the inspectors of election of the eighth district of the third ward of the city of New Rochelle, Westchester county, New York, of the Republican primary election held on April 5, 1932, be corrected so as to show one less vote for Caroline Valentine as Republican county committee woman from said district, making a total vote cast for said Caroline Valentine of seventy-six votes, and as so modified affirmed. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

MORTIMER C. REYNOLDS, Appellant, v. LAWRENCE F. SHERMAN and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

STANDARD OIL COMPANY OF NEW YORK, Respondent, v. GEORGE J. KOCH, Appellant.— Judgment unanimously affirmed, with costs. The guaranty sued upon under the authority of *Sun Oil Co.* v. *Heller* (248 N. Y. 28), sufficiently meets the requirements of the Statute of Frauds, the consideration being clearly implied in the writing. Notwithstanding there were no purchases thereafter made by defendant's company, there was ample consideration established by the proof to support the promise of the defendant to pay his company's debt. His partnership guaranty upon which he might have been sued was released and the lien thereby created on his real estate was removed. These steps included forbearance against his personal obligation besides constituting a consideration moving to the defendant and beneficial to him. The fact that the true consideration was not stated in the instrument is immaterial " if there was another good and valuable consideration for the promise." (25 R. C. L. 664, § 298.) Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Carswell, J., not voting.

SAM FELDMAN, an Infant, by DAVID FELDMAN, His Guardian ad Litem, Respondent, v. ISIDOR LIEBOW and Another, etc., Appellants.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

ELIZABETH C. FENLEY, Respondent, v. SAMUEL I. GROSS, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

576 EASTERN PARKWAY CORPORATION, Respondent, v. HARRY J. HALPERIN, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

AUGUSTA FLEISCHER, Respondent, v. SILVER LINING LAUNDRY, INC., Appellant. — Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.