STANDARD OIL COMPANY OF NEW YORK, Respondent, *v.* GEORGE J. KOCH, Appellant.

(Argued October 11, 1932; decided November 22, 1932.)

*Herman B. Forman* for appellant. The plaintiff failed to plead or prove a cause of action. The plaintiff was required to allege and prove the performance on its part, or an excuse for non-performance of the executory consideration expressed in or reasonably inferable from the contract of guaranty; it wholly failed to do so. (*Waldheim* v. *Sonnenstrahl,* 8 Misc. Rep. 219; *Sun Oil Co.* v. *Heller,* 248 N. Y. 228; *Hauswald* v. *Katz,* 216 App. Div. 92; *Church* v. *Brown,* 21 N. Y. 315; *Utica City Nat. Bank* v. *Gunn,* 222 N. Y. 204; *Baker* v. *Higgins,* 2 N. Y. 398; *Oakley* v. *Morton,* 11 N. Y. 35.) The written guaranty is insufficient under the Statute of Frauds for the true executory consideration must be expressed in or be fairly inferable from the memorandum. (*Church* v. *Brown,* 21 N. Y. 315; *Raikes* v. *Todd,* 8 Ad. & El. 846; *Drake* v. *Seaman,* 97 N. Y. 230; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Friedman & Co.* v. *Newman,* 255 N. Y. 340; *Becker* v. *Krank,* 62 App. Div. 514; *Barney* v. *Forbes,* 118 N. Y. 585; *Mentz* v. *Newitte,* 122 N. Y. 497; *Strong* v. *Sheffield,* 144 N. Y. 392; *Union Bank of Louisiana* v. *Coster Estate,* 3 N. Y. 302.)

*Edward A. Fay* for respondent. There is good and ample consideration to support the giving of the corporate guaranty. (*Hamer* v. *Sidway*, 124 N. Y. 538; *Union Bank* v. *Sullivan*, 214 N. Y. 332; *Seymour* v. *Warren*, 179 N. Y. 1; *Powers* v. *Clark*, 127 N. Y. 417; *Green* v. *Odell*, 43 App. Div. 494; *Traders Nat. Bank* v. *Parker*, 55 Hun, 608; 130 N. Y. 415; *Erie Sav. Bank* v. *Coit*, 104 N. Y. 532.)

CRANE, J. On September 27, 1926, George J. Koch and Peter Caron were copartners doing business under the name of " Franklin's " in the conduct of a gas service station at Mamaroneck, N. Y. On that day the defendant Koch gave to the plaintiff his written guaranty of payment up to the sum of $3,000 for merchandise " as may be sold to ' Franklin ' (Service Station) George J. Koch and Peter Caron, Proprietors," by the defendant. This partnership guaranty was recorded by the plaintiff in the Queens County Register's office as a mortgage against the defendant's property.

On March 14, 1927, this partnership transferred its business to a corporation called " Koch & Caron, Inc.," which continued to do business at the same place, but under a different trade name — " Bus Terminal." The plaintiff continued to deliver merchandise to Koch & Caron, Inc., for which it became indebted in an amount in excess of $3,582.11, bills for which were sent to the corporation and remained unpaid. Whether or not the liability of Koch on his guaranty was in any way affected by the incorporation of the partnership is not here in question. The plaintiff refused to sell and deliver any more gasoline to the company. Thereupon, other arrangements were made which have resulted in this action. Koch, the defendant, who was president of the business known as " Bus Terminal," called at the office of the plaintiff and took up with its assistant credit manager this matter of the overdue accounts. The credit manager

testified regarding this meeting with Koch. He said: " Consistent with my work I made a demand of payment for what was then a long past due balance and I told Koch if he substantially could not pay me and make satisfactory arrangements for future payments, we would have to start legal action. Koch stated, ' Why must you do that? You have security.' I went up to our file and took that paper out and found that we had had a $3,000 guarantee on Franklins. * * * During the conversation it had developed that they had incorporated, although I had no knowledge of it. When I saw the guarantee, I told him, ' Since we have received this guarantee, you have become incorporated, and we feel if you are to receive consideration of us holding back and not suing you, you must give us a guarantee to cover this account which we now discover to be a corporation.' He was willing to do that, and I made out the guarantee and he signed it."

This action is brought upon this new guaranty. It reads: " I, George J. Koch, * * * do hereby guarantee to the Standard Oil Company of New York, the payment of any sums due or that may become due up to the sum of Three thousand and 00–100 Dollars ($3,000.00) on such goods, wares and merchandise as the Bus Terminal (Koch & Caron, Inc.), Sunnyside Avenue & Boston Post Road, Mamaroneck, N. Y., may have bought or shall buy of it.

" This guarantee is unconditional and continuous and applies to all sales until terminated by written notice served by the undersigned upon the Standard Oil Company of New York, at 370 Seventh Avenue, New York, N. Y."

No future deliveries were made by the plaintiff. The action upon this new guaranty of March 19, 1928, is for the past indebtedness of the corporation and the question is whether the consideration, not expressed in the writing, may be proved orally. Beyond question, Koch would be liable on the guaranty for all future deliveries and

indebtedness, as an agreement to make such deliveries would be the plain meaning and implication of the written words. (*Sun Oil Co.* v. *Heller*, 248 N. Y. 28.) Under the Statute of Frauds, now section 31, subdivision 2, of the Personal Property Law (Cons. Laws, ch. 41), every agreement to answer for the debt of another person is void unless it, or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. Must this guaranty express the contract, including the consideration? That there was a consideration is evident; action against Koch was to be held back, his property was to be released from the lien of the first guaranty, and credit was to be extended. This consideration, however, was not expressed in the second guaranty. Can it be shown by oral testimony, or must the written guaranty, upon which this action is brought, contain all of the contract, including the true consideration?

These questions have heretofore been answered by this court. *Drake* v. *Seaman* (97 N. Y. 230) is one of the leading authorities. It was there held that the writing must contain all the substantial and material terms of the contract, and must show on its face what the whole agreement is, so far as the same is executory and remains to be performed and rests upon unfulfilled promises. The arrangement or agreement made between the plaintiff and Koch was that the Standard Oil Company would surrender the first guaranty and refrain from suing Koch thereon; also extend further credit to his corporation by future deliveries of gasoline, in consideration of his guaranteeing both past and future indebtedness up to $3,000.

The writing fails to state this agreement. By its terms Koch guarantees past and future indebtedness for an extension of credit on the delivery of gasoline to his corporation. On the face of the guaranty there is no consideration other than this for assuming responsibility for past indebtedness. The plaintiff has failed to make any further delivery of its product. This court, in *Poel* v.

*Brunswick-Balke-Collender Co.* (216 N. Y. 310, 314) expressed the law upon this point in these words: " It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made. If instead of proving the existence of that contract, it establishes that there was in fact no contract or evidenced a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute." As late as *Friedman & Co.* v. *Newman* (255 N. Y. 340, 343) this court reiterated the substance of this statement, by citing the *Poel* case and saying: " The Statute of Frauds merely declares ' void ' or ' unenforceable ' a contract not in writing or evidenced by a note or memorandum in writing. It does not declare expressly or by implication that a written note or memorandum of an oral contract is conclusive evidence of the terms of the contract. Doubtless a note or memorandum may constitute an admission of the making of the oral contract and of its terms, but neither the parol evidence rule nor the statute prevents the introduction of evidence contradicting the admission. Except as evidence of the oral contract, the memorandum has no force or effect unless and until the oral contract has been established by a preponderance of evidence. Then, if accurate and complete, it prevents the interposition of the Statute of Frauds as a bar to the enforcement of the oral contract." (See, also, 1 Williston on Contracts, pages 1095–1097, wherein it is stated that if the consideration agreed upon is executory it must be accurately stated.)

We, therefore, have in this case oral evidence of a contract about which there seems to be little or no dispute. It cannot be enforced because the action, to be performed by both parties, was executory and the writing required by the statute fails to state the agreement.

On the other hand, should we consider this writing as sufficient within the statute, there can be no recovery

because of failure of consideration. Concededly, the agreement for the new guaranty was to make future deliveries and to extend credit. (*Sun Oil Co.* v. *Heller, supra.*) This the plaintiff refused to do. Whichever way we look at this case the plaintiff is not entitled to judgment.

The judgments below should be reversed, and the complaint dismissed, with costs in all courts.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.