Max J. Wolff, Ref.
This action was tried before me by consent without a jury. Findings were waived.
The defendant is a contractor, making knitted sweaters, and having the necessary machinery and equipment. The plaintiff introduced defendant’s officers to a manufacturer (Bobbie Brooks, Inc., also known as Ritmore Sportswear Company and Ritmore Knitwear Co.), which thereupon engaged defendant as a contractor. Since the time of such introduction the defendant’s plant and facilities have been almost exclusively devoted to the needs of Bobbie Brooks, Inc. In consideration of this introduction, it was orally agreed between the plaintiff and the defendant that the defendant would pay to the plaintiff 3% of the gross price of all shipments to be made by the defendant to Bobbie Brooks, Inc. This agreement was subsequently orally modified at the defendant’s request to substitute commissions to be computed at the rate of 35 cents per dozen in place of the 3% originally agreed upon. In accordance with the custom in the garment industry, the gross sale price charged by the contractor to the manufacturer included the cost of the materials originally shipped by the manufacturer to the contractor and then reshipped to the manufacturer, and also the contractor’s labor charges. As the defendant’s profits were thus derived only from labor, a 3% commission upon the whole price (the charge for materials being basically a bookkeeping entry) proved too burdensome. It is conceded that the modified commission of 35 cents per dozen amounts to approximately 1%, so that plaintiff’s compensation was cut to one third of that first agreed upon.
*463 This statement represents substantially the facts as found from the evidence.
The said oral agreements, first for the 3% commission and then for one of 85 cents per dozen, are evidenced by two written memoranda. The first, dated July 25, 1955, reads as follows:
‘‘ To Mr. Irving Fain
10 Park Ave. N.Y.C.
As per conversation with you today, we herewith agree to give you 3% (Three Per cent) commission an all shipment Gross Billings made to Bitmore Knitwear Co. Cleveland, Ohio (Bobbie Brooks)
Sam Morris Sec.
Irvington Knitting Mills, Inc.”
The following is the second memorandum, that of November 17, 1955:
‘ ‘ Irvington Kttg Mills Inc. agrees to pay to and Mr. Irving Fain agrees to accept 35 cents per dozen commission on all merchandise manufactured and shipped to Bobbie Brooks, Inc. This agreement to become effective as of January 1, 1956, and to supercede (sic) any previous agreement entered into between both parties.
“ By dozen is meant 12 individual garments. A twin set dozen is understood to mean two dozen garments.
Sam Morris, Sec.
“ Accepted:
Irving Fain ”.
The defendant has pleaded the Statute of Frauds (Personal Property Law, § 31, subd. 1). Manifestly this contract of indefinite duration is required to be evidenced by a sufficient writing (Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846; Martocci v. Greater New York Brewery, 301 N. Y. 57).
The two writings hereinabove set forth, upon which the plaintiff relies, do not state the consideration for the defendant’s undertaking to pay commissions to the "plaintiff. That consideration consisted of the plaintiff’s services in introducing the defendant and Bobbie Brooks, Inc., to each other. This is a unilateral contract. Because the plaintiff made it possible for the defendant to do business with Bobbie Brooks, Inc., the defendant agreed to compensate the plaintiff as shown by the two writings.
As in Martocci v. Greater New York Brewery (supra, p. 63) the ‘‘ consideration was entirely furnished prior to the execution of the writings ”, or at least before the second of the two *464 memoranda, that of November 17, 1955, was written. Martocci left open the question whether in such a case ‘‘ the Statute of Frauds is satisfied if the memorandum contains only that portion of the agreement which remains executory The court found it unnecessary to answer this question, holding that one of the writings “ by necessary implication, by inevitable construction ’ ’ sufficiently established the consideration. But with reference to the contention by counsel that in the case of a unilateral contract the consideration theretofore furnished by the promisee need not be stated in writing, the court cited Drake v. Seaman (97 N. Y. 230, 234) and Standard Oil Co. of N. Y. v. Koch (260 N. Y. 150, 154-155) without expressing its view as to the effect of these cases. The court also referred to Williston on Contracts ([Rev. ed., with 1946 Supp.], Vol. 2, § 571, pp. 1632-1634).
Williston says: “Not only is-executed consideration no part of a ‘ promise,’ but it seems that such consideration is not part of a ‘ contract ’ or ‘ agreement.’ When an offer for a unilateral contract is made, the offer is conditional on performance of the act requested as consideration, but when that act has been performed the contract and the promise of the obligor are absolute and a memorandum may express the whole executory duty, though it makes no mention of the consideration” (§ 571, p. 1632). He indicates that this view, approved by him, though contrary to the English rule, is applied in “ the greater number of jurisdictions ” (§ 570, p. 1628); and he notes the distinction between a condition which qualifies a promise and that which is merely the price for the promise (§ 571, pp. 1631-1632).
Corbin distinguishes between “ price ” and “ consideration ” (2 Corbin on Contracts, § 501, pp. 705-707) and concludes that inasmuch as the Statute of Frauds “ does not purport to require a written statement of either the price or the consideration ” and as such “requirement is of judicial construction ” it “ should be indulged in any particular case only so far as is necessary for the prevention of successful fraud in that case ” (§ 501, p. 707).
In Papaioannou v. Britz (285 App. Div. 596, 600) the Appellate Division, First Department, said: ‘ ‘ Moreover, it is not clear that the memorandum need set forth the consideration. (Standard Oil Co. of N. Y. v. Koch, 260 N. Y. 150; 2 Williston on Contracts [rev. ed.], §§ 570-573; 2 Corbin on Contracts, § 501, pp. 700-701.) ” The court found it unnecessary, however, to decide the point.
*465 In Schechner v. Zipser (89 N. Y. S. 2d 354, 355, affd. without opinion 277 App. Div. 843 [1st Dept]) the court said: “ The claim that the statute of frauds constitutes a good defense to the action because the writing sued upon does not state the consideration for the promise must be overruled. If the consideration had not been furnished in its entirety prior to the execution of the writing, the defendant’s contention would be sound. Barney v. Forbes, 118 N. Y. 580, 23 N. E. 890; Standard Oil v. Koch, 260 N. Y. 150, 183 N. E. 278. However, where, as here no part of the consideration was still to be furnished at the time of the execution of the writing, the memorandum satisfies the statute notwithstanding the fact that it fails to mention the past consideration. In Drake v. Seaman, 97 N. Y. 230, 234, the Court of Appeals said: ‘ It must show on its face what the whole agreement is so far as the same is executory, and remains to be performed, and rests upon an unfulfilled promise. ’ This language was cited with approval in Standard Oil v. Koch, supra, 260 N. Y. at page 154, 183 N. E. at page 156. ’ ’
Among cases illustrative of the prevailing view in American courts is Potter v. Bland (136 Cal. App. 2d 125, 131) where the court said, among other things: ‘ ‘ While in a sense ‘ the consideration ’ is one of the terms of a contract, there is no necessity for expressing it in the ‘ note or memorandum ’ thereof when the consideration has already been paid.”
It is fair to assume that lawyers and certainly laymen in dealing with a unilateral contract do not normally regard a consideration which has been fully performed or a price wholly paid as an integral part of the contract itself; they think of it rather as something already done or given in exchange for the promise and therefore no longer necessary to put in writing. It seems just to conclude that with respect to unilateral agreements the requirements of the Statute of Frauds for practical purposes are satisfied when the executory promise, if it be unqualified and unconditional, is adequately stated, although resort be necessary to parol evidence to show that the promisee has in fact done the thing or paid the price which made the contract effective and binding upon the promissor. It is generally true that performance of any kind must be proven by evidence, oral or otherwise, apart from that which establishes the contract itself (cf. 2 Corbin on Contracts, p. 705).
Moreover, the first writing in the case in hand provided that the defendant would pay “ commission on all shipment Gross Billings ” and the second that it would pay “ commissions on all merchandise manufactured and shipped to Bobbie Brooks, Inc.” Neither promise is qualified by any requirement that *466 the plaintiff should activate himself in obtaining for the defendant future business or further orders. As I see the ease, neither the original oral agreement nor the subsequent oral modification contemplated the solicitation or servicing of orders by the plaintiff, and there seems no reason to read into the writings an unexpressed restriction upon a promise stated unconditionally. The second agreement did not “ supersede ” the first, as suggested by the defendant. The word “ supersede ’ ’ may not be read so literally. It is plain that the parties intended only to modify the first agreement by substituting a commission computed at the rate of 35 cents per dozen for one of 3%.
I do not accept the testimony offered in behalf of the defendant to the effect that the plaintiff said that he could not afford to continue working for a commission of 35 cents per dozen and that the parties thereupon agreed that their relationship should then and there terminate and that the defendant should no longer be obligated to pay any further commissions to the plaintiff. Indeed, as the plaintiff had already rendered full performance there would have been no consideration for such an oral release.
The plaintiff is entitled to commissions at the rate of 35 cents per dozen upon 15,078-9/12 dozen for the period between March 1, 1956, and January 31, 1957. The complaint was amended by consent at the trial to include the period through January 31, 1957. Commissions thus computed amount to $5,277.57.
All motions, decision of which was reserved, are disposed of in accordance with this opinion and the findings herein contained.
Judgment may be entered in favor of the plaintiff and against the defendant in the sum of $5,277.57, with interest (computed for the sake of convenience) on $3,370.62 from August 31, 1956, and on $1,906.95 from January 31,1957.