William R. Brennan, Jr., J.
By this motion for summary judgment plaintiff Bank seeks to enforce a ‘ ‘ guarantee of all liability” executed by the defendant Marilyn Joy Samuels on January 25,1956. The guarantee covered the unconditional pay *987 ment of “ any and every obligation or liability of Borrower (Walter R Samuels) to Bank * * * whether now existing or hereinafter incurred ”, and was given in order to induce the Bank to 1 ‘ make such advances, loans or extensions of credit, directly or indirectly, to Walter B. Samuels ”. On November 21, 1957 and December 31, 1957 two promissory notes, each for $50,000, were made by Palm Beach Builders, Inc., to the order of the plaintiff Bank . Payment of those notes was guaranteed by Walter B. Samuels and default judgments have already been obtained against both the corporate maker of the notes and the said Walter B. Samuels 'for the failure to pay $51,000. The defendant Marilyn Joy Samuels maintains that there was no consideration for the execution by her of the guarantee in that no advance loan or extension of credit was ever made by the Bank to Walter B. Samuels. Concededly, there was no direct loan to Walter B. Samuels and the result will turn upon the meaning in the instrument of guarantee of the word “ indirectly ”.
It is familiar law that if a guarantee rests upon a future extension of credit which is not forthcoming, there is a failure of consideration and the guarantee is unenforcible. (Standard Oil Co. v. Koch, 260 N. Y. 150.) Consequently, unless the loans to Palm Beach Builders, Inc., by the Bank were indirect extensions of credit to Walter B. Samuels, the defendants must prevail.
In discussing the word “ indirectly ” in another connotation, the Court of Appeals said, in Judd v. Board of Educ. (278 N. Y. 200, 212), that it embraced anything done “ circuitously, collaterally, disguised, or otherwise not in a straight, open and direct course.” It is conceded in the moving papers that Walter B. Samuels was the president and a principal stockholder of Palm Beach Builders, Inc. These facts, together with the guarantee by Mr. Samuels of the corporate indebtedness, are sufficient to constitute an indirect extension of credit to Walter B. Samuels. (See Franklin Nat. Bank of Long Island v. Carman Homes, N. Y. L. J., May 11, 1959, p. 15, col. 3.) The motion for summary judgment is accordingly granted.