STURGIS, Judge.
The appellant, defendant below, seeks reversal of a summary final judgment for plaintiff in an action at law based on the alleged default of defendant under an agreement with the plaintiff guaranteeing payment of certain indebtedness due plaintiff from third persons.
The complaint charges that on January 2, 1962, the defendant: “by his writing under seal” guaranteed to the plaintiff “payment in full of all accounts theretofore due and owing or hereafter to become due and owing to the Plaintiff” from certain named third persons, and that the defendant, although demand had been made upon him, had failed to pay the same. The alleged guaranty agreement, attached to the complaint and made part thereof, provides in pertinent part:
“For Sufficient Considerations, the receipt whereof by the undersigned is hereby acknowledged, and to induce THE AMERICAN NATIONAL BANK OF JACKSONVILLE, Jacksonville, Florida, (hereinafter called the ‘Bank’) at its option to make loans to or purchase instruments from or otherwise deal with (this refers equally to loans already made) Gibbs Corporation (hereinafter referred to as the ‘Borrower’) in such manner that the borrower may then or thereafter become indebted to the Bank in any respect, the undersigned, jointly and severally, HEREBY UNCONDI *653 TIONALLY GUARANTEE AND AGREE TO PAY to the Bank at maturity, either as originally stated or earlier by acceleration, or as modified or extended, all indebtednesses of every kind of the borrower to the Bank, whether now existing or hereafter arising or created; primary or secondary, however evidenced and regardless of any legal disability of the Borrower to incur the same; and the term ‘indebtedness’ herein shall include all extensions and renewals thereof, in whole or in part, plus interest thereon and all costs, fees and other items, if any, payable by Borrower in respect thereto.
“The Bank may extend or renew any indebtedness, or release any lien or collateral securing the same, or waive any rights thereunder, or release any accommodation party or party secondarily liable thereon, all without knowledge or consent of the undersigned and without thereby releasing or diminishing its rights against the undersigned hereunder.
“The undersigned jointly and severally waive notice of acceptance of this guaranty, notice of any extensions of credit or other acts by the Bank hereunder, and likewise waive diligence, presentment, demand, notice, protest and suit by the Bank in respect to any any every indebtedness hereby guaranteed; and the Bank may enforce this Guaranty without first suing any other party or proceeding against any security it may have.
“The undersigned jointly and severally agree to pay all costs and expenses including a reasonable attorney’s fee paid or incurred by the Bank after maturity for the enforcement of this Guaranty.
“PROVIDED, HOWEVER, that the total amount of indebtedness for which this Guaranty shall be enforceable at any one time against the undersigned, or any of them, is $125,712.54 principal, plus interest, costs and expenses.
“THIS GUARANTY, as to each of the undersigned or his estate, is revocable only by written notice to the Bank from such undersigned or his executor or administrator, and then only as to indebtednesses first arising or created thereafter. (Per attached Exhibit ‘A’)”
Attached thereto as “Exhibit ‘A’ ” is a list of obligations to the bank totaling $125,-712.54.
Defendant’s unverified answer admitted that he signed the guaranty agreement and that although demanded he has not paid any sum to the plaintiff. He denied that the above mentioned “Exhibit ‘A’ ” was attached to the agreement when executed, and alleged that “The guaranty under which plaintiff claims relates entirely to indebtednesses of Gibbs Corporation pre-existing the guaranty, and is void and invalid for want of consideration.”
Plaintiff moved for summary judgment and in support thereof filed sundry affidavits and the deposition of the defendant, taken as a witness for the plaintiff. The defendant did not independently file any affidavits or proofs in resistance of the motion. Thereupon the judgment appealed was entered, awarding plaintiff $105,720.90 damages, consisting of the following items: $95,775.47 principal; $3,145.43 interest; $6,800.00 attorney’s fee.
The judgment is challenged on two grounds: (1) that plaintiff’s proofs were insufficient to justify entry of the summary judgment; (2) that there was a genuine issue of material fact precluding entry of said judgment.
The uuncontradicted material proofs reflect :
That the defendant transmitted the above described guaranty agreement to the plaintiff by mail, accompanied by a covering letter from the defendant to the plaintiff in *654 which defendant said: “Please find enclosed properly executed Guaranty with attached Exhibit ‘A’.” The deposition of the defendant reflects that he was confronted with the guaranty agreement and asked the following questions, to which he replied as indicated:
“Q, At the time you executed tiie document that is entitled Guaranty, was there attached to it the third page of that document? (The reference being to the list designated by the agreement as Exhibit ‘A’.)
“A. I do not believe that it was.
* K * * *
“Q. You will note that in the face of what is entitled ‘Guaranty,’ there is a notation to the effect, which reads: ‘Per attached Exhibit A.’ Do you know what that pertained to if it did not pertain to the Exhibit A that is attached to the document at this time ?
“A. I don’t even know that that was in the paper. . I don’t know.”
We pause here to note that this testimony of the defendant is negative in character, proves nothing, and is therefore insufficient to overcome the positive- evidence of the written agreement as implemented by the defendant’s letter transmitting the agreement to the plaintiff. El Modalo Cigar Mfg. Co. v. Gato, 25 Fla. 886, 7 So. 23, 6 L.R.A. 823.
The proofs also show that there was due and owing by the defendant to the plaintiff, as of June 15, 1962 (which is subsequent to commencement of this suit), the sum of $111,209.46 principal, plus $2,109.-87 interest, and that interest on said principal continued to accrue at the rate of $21,-72 per day; further, that the sum of $6,-800.00 was a reasonable sum to be paid for the services of plaintiff’s attorneys in and about this suit. It will be observed that the aggregate amount of said indebtedness of the defendant-to the plaintiff, as of June 15, 1962, was $120,119.53. The interest accumulation at the rate of $21.72 per day from June 15, 1962, until the judgment was entered on August 3, 1962, excluding the commencing and terminating dates, is $1,-042.56. Thus the aggregate amount due as of the date of the judgment would appear to be $121,161.89, yet the total amount of damages awarded thereby is only $105,720.-90. The key to this apparent discrepancy lies in the following statement contained in the judgment:
“The Court has been advised that while this Motion [referring to the motion for summary judgment] was under consideration, the item on Exhibit ‘A’ to the Evidentiary Exhibit filed before the court * * * reading: ‘Gibbs Corporation Mtg. on Shrimpboat “Pelican” $15,626.49’ has been paid.”
Although the record fails to disclose any affirmative proof in support of said recital, it is evident that the computation upon which the damages were fixed accepted as an established fact that the mentioned payment had been made.
Appellant asserts that it is impossible to determine how the trial judge arrived at the figure of $95,775.47, stated in the judgment as the principal balance payable by defendant to plaintiff, and correctly states that simple mathematics demonstrates it was not derived by deducting the mentioned item of $15,626.49 from the previously asserted principal balance of $111,209.46 reflected by plaintiff’s proofs. As we have recognized, the record before this court contains no competent basis for requiring the trial court to deduct said item of $15,626.49 from the principal sum established by plaintiff’s proofs to be due. However, the plaintiff (appellee) has not cross-assigned error in that behalf and.it does not appear that the defendant (appellant) took any action in the trial court for the purpose of correcting the comparatively slight error, if any, in the computation of damages, assuming the $15,626.49 credit is in order. Appellant’s main argument is addressed to the validity of the agreement and it is difficult to rationalize the complaint that the judgment is *655 in an amount less than the appellee was entitled under the proofs to recover, especially in view of the absence of any effort in the trial court to correct the error, if any exists.
 Appellant argues that there was no lawful consideration for the agreement in suit. He relies on the general rule that where the contract of guaranty is entered into independent of the transaction which created the original or present debt or obligation, the guarantor’s promise must be supported by a consideration distinct from that of the present debt; that a consideration is not found in a mere naked promise to pay the existing debt of another (24 Am.Jur., p. 906, Guaranty, § 50), and that mere forbearance by a creditor, without any agreement on his part to forbear, is not deemed to be a sufficient consideration for a guaranty by a third person (24 Am.Jur., p. 908, Guaranty, § 52). These principles do not apply to the agreement in suit because it covers future advances as well as existing indebtedness; specifically, it extends to “all indebtedness of every kind * * * whether now existing or hereafter arising or created * * * ” See Gem Metal Specialties, Inc. v. Active Wire & Metal Products Corp., Sup., 198 N.Y.S.2d 528 (N.Y.1960); Sun Oil Company v. Heller, 248 N.Y. 28, 161 N.E. 319. We have noted the fact that the maximum amount of indebtedness guaranteed to be paid is the exact sum shown by Exhibit “A” to have been owing to the plaintiff by third persons on the date the agreement was executed, the payment of whose then existing indebtedness and future indebtedness, not exceeding said maximum, was guaranteed by defendant. The clear import of the agreement is that in the event the indebtedness initially covered had been reduced in amount and thereafter increased within said limits, the guaranty would have applied to such increase as well as the original indebtedness.
The pleadings, deposition, admissions and exhibits on file do not show any genuine issue of material fact and the summary judgment appealed was lawfully entered. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla.App.1962); Crovella v. Cochrane, 102 So.2d 307 (Fla.App.1958); General Truck Sales v. American Fire and Casualty Co., 100 So.2d 202 (Fla.App.1958); Pritchard v. Peppercorn & Peppercorn, Inc., 96 So.2d 769 (Fla.1957); Herring v. Eiland, 81 So.2d 645 (Fla.1955) ; MacGregor v. Hosack, 58 So.2d 513 (Fla.1952) ; City of Zephyrhills, Florida, v. R.E. Crummer and Company, 237 F.2d 338 (Fifth Cir.1956).
Affirmed.
CARROLL, DONALD K., C. J., and. RAWLS, J., concur.