## INVESTORS ACCEPTANCE CO. OF MIAMI, Inc. v. DOBSON, et ux.

No. 214611.

Small Claims Court, Dade County.

June 2, 1971.

Joseph A. Hackney, Miami, for the plaintiff.

Steven Rappaport, Miami, for the defendants.

MORTON L. PERRY, Judge.

Plaintiff sues the defendant, Eddie W. Dobson, based upon a written document signed by Dobson on December 10, 1968 wherein this defendant did "herewith agree to repay loan number 7844 with balance of $498.90 . . . made by my wife, Rachel Dobson, on November 12, 1966 . . .". "It is further agreed that Investors Acceptance will notify the Credit Bureau that Eddie Dobson has made the above agreement and has made the first $20 payment".

The plaintiff claims that defendant, Eddie Dobson, is liable under said agreement in that said document provided "that further interest would be charged at the rate of 6%" and that defendant Dobson's credit rating had been enhanced as a result of the plaintiff's undertaking to "notify the Credit Bureau that Eddie Dobson has made the above agreement and has made the first $20 payment" as set forth in said aforenoted document.

Defendant asserts the defenses of failure of consideration and duress as regards the execution of said aforenoted instrument.

The evidence showed that defendant's wife, Rachel, a co-defendant against whom judgment has been heretofore entered, executed a promissory note independent of her husband in an amount of $500.36 which she failed to fully satisfy, resulting in said judgment.

The evidence showed that after Rachel Dobson had defaulted upon payment of said note her husband, Eddie Dobson, executed the aforedescribed document for the ostensible purpose of clearing his wife's credit record and derivatively improving his own credit record.

Defendant, Eddie Dobson, signed the aforedescribed document designed to guarantee payment of his wife's debt with the apparent understanding that the plaintiff would "notify the Credit Bureau" which in turn would reinstate the defendant-wife's credit standing and thus presumably improve defendant, Eddie Dobson's credit position. No lawsuit had been filed in the matter against defendant's wife by the plaintiff at the time of defendant Dobson's execution of said document.

It is clear that this so-called "guaranty" was made after the principal contract — namely the promissory note — had been executed by the defendant's wife.

There was conflicting testimony as to whether the defendant, Eddie Dobson, was first requested to sign the original note which had been executed by his wife over two years prior to the date of his execution of said "guaranty".

The court finds that no consideration passed to Eddie Dobson as would regard plaintiff's contention that further interest on the note executed by Dobson's wife would bear interest at the rate of 6% in that Dobson was not obligated in the first instance to pay said note; and further, that the form and language of said "guaranty" did not set forth that on December 10, 1968, over two years after the execution of said promissory note by the defendant's wife, the defendant's wife would have been required to pay over 6% per annum upon said note. There has been no showing that prior to the execution of said "guaranty" the defendant, Eddie Dobson, was obligated to pay the promissory note executed by his wife as aforenoted.

The court finds that as regards the defendant, Eddie Dobson, the plaintiff has failed to meet its burden of showing that consideration enured to the said defendant as regards his execution of the "guaranty". The court would note that the "guaranty" does not contain a consideration clause nor make actual reference thereto nor does the "guaranty" set forth the benefit or value to be derived by the defendant, Eddie Dobson, as a result of his execution of said document.

The court would note the case of McMillan v. Dozier (Alabama), 59 So.2d 563, where it is stated —

> The holdings in these cases follow the general rule sustained by the great weight of authority that the undertaking of one not a party to the original transaction who, in pursuance of some subsequent arrangement, signs an instrument as surety, guarantor or endorsor, after the original contract has been fully executed and delivered and without agreement at the time of the execution of the original contract that additional security would be furnished, is a new and independent contract and to be *binding must be supported by a new consideration, independent from that of the original contract.* * * *

> It is a general rule that a guaranty of a pre-existing debtor obligation of another *is not binding on the guarantor without a new and independent consideration to support it. Morgan v. United States Fidelity & Guaranty Co.* (Miss.), 191 So.2d 917. (Italics added.)

The principle that "contract of guaranty entered into independent of the transaction which created the original debt must be supported by independent consideration" was referred to in Gibbs v. American National Bank of Jacksonville (Florida, 1963), 155 So.2d 651.

The execution of a "guaranty" contract by a spouse after her husband had previously and independently purchased merchandise resulting in his execution of promissory notes in payment thereof is discussed in Sylvania Electric Products v. Claudine L. Flemming (Georgia, 1965), 145 S.E.2d 575. The court held —

> Where "guaranty" contract was signed by wife after merchandise was sold to her husband as sole proprietor, she could not be held liable on such contract or on notes signed by her husband and corporate successor to his sole proprietorship and endorsed by wife.

The court would note that the Court of Appeals of Georgia held that the wife could not be held liable on her contract of "guaranty" in spite of the fact that she was a owner of 5% of the stock of the corporation which succeeded her husband as sole proprietor of the aforenoted business.

The court finds that the alleged benefit to the "credit standing" of defendant, Eddie Dobson, which the plaintiff contends constitutes consideration for his execution of that document purported by the plaintiff to be a "guaranty" of payment of a promissory note independently executed by defendant's wife over two years prior thereto, fails to constitute consideration required of the plaintiff to

meet its burden to prove that the defendant, Eddie Dobson, is obligated to pay the balance due upon said promissory note.

Judgment is accordingly entered in favor of the defendant.