■ In the Matter of BERNICE BLITZER, Petitioner, v. STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Determination of the State Human Rights Appeal Board, dated March 8, 1972, and order of the State Division of Human Rights, dated August 17, 1971, dismissing the complaint herein, annulled, on the law and the facts, without costs and without disbursements, and vacated, and the matter remanded to the State Division of Human Rights for a hearing. Petitioner, complaining of unfair treatment by Columbia Presbyterian Medical Center's School of Operating Room Technology because of her creed, initiated a proceeding before the State Division of Human Rights. While the hearing was in recess to enable petitioner to get counsel, the hearing officer dismissed the proceeding on the basis of the testimony already taken. The Appeal Board vacated the dismissal and remanded the matter for a new hearing. Respondent applied, unsuccessfully, for a rehearing of the appeal. The scheduled rehearing developed into an argument between petitioner and the hearing officer as to whether she wanted counsel and the conditions for making a stenographic record. There was a further dispute, later on, as to whether an adjourned date for the hearing was fixed. In this confused situation the complaint was again dismissed. This second dismissal was affirmed by the Appeal Board. Obviously there has been no hearing on the complaint. While petitioner appears to be a difficult person to deal with and doubtless contributed to her own dilemma, she nevertheless is entitled to be heard. The matter is remanded to the State Division of Human Rights, which shall fix a firm date for a new hearing on ten days' notice to petitioner, at which hearing petitioner shall appear with or without counsel, as she chooses, and with whatever stenographic assistance she may desire. In view of the fact that feelings were engendered by the prior abortive proceedings, it would be well if a different hearing officer were designated to conduct the hearing. We express no opinion as to the merits of petitioner's claim. Concur — Stevens, P. J., McGivern, Steuer, Tilzer and Capozzoli, JJ.

## (June 22, 1972)

■ ALLIED CHEMICAL CORPORATION, Respondent, v. THEODORE RUSKIN, Appellant.— Order, Supreme Court, New York County, entered January 21, 1972, granting plaintiff's motion for summary judgment and denying defendant's cross motion for like relief, unanimously reversed, on the law, the motion denied, the cross motion granted, and the judgment entered thereon on February 1, 1972, vacated, without prejudice. Appellant shall recover of respondent $50 costs and disbursements of this appeal. The guarantee was delivered in consideration of future sales. The absence of such future sales constitutes a failure of consideration barring recovery on the guarantee. (*Standard Oil Co.* v. *Koch,* 260 N. Y. 150.) The dismissal, however, is without prejudice in the event plaintiff has a cause of action not asserted in the pleadings. (See CPLR 205.) Concur — Markewich, J. P., Murphy, McNally, Tilzer and Eager, JJ.