Markowitz, J.
(dissenting). I dissent. I do not agree that reversal on the merits is mandated by the record. In any event, the case was decided after trial; the paper appealed from is a decision after trial, not an order; the record does not show the entry of judgment on the decision; and a decision, as such, is not appealable (Bank of Utica v. Castle Ford, 36 A D 2d 6, 10; Zisman v. Leasing Consultants, 35 A D 2d 726; Bastian v. McCoy, 34 A D 2d 994; Cioffi v. City of New York, 14 A D 2d 741, mot. for lv. to app. dsmd. 11 N Y 2d 659; CPLR 5512, 5701; CCA, § 1702).
The majority decision turns on the theory that reformation of a writing is beyond the equitable powers of the Civil Court and may be granted only by the Supreme Court (but, see, N. Y. Const., art. VI, § 19, subd. f; Ruben v. Board of Trustees, N. Y. L. J., June 29, 1972, p. 2, col. 2 [App. Term, 1st Dept.]; Kaminsky v. Connolly, N. Y. L. J., June 30, 1972, p. 11, col. 8 [App. Term, 1st Dept.]; see, also, L. 1972, ch. 982). On the facts in this case, however, defendant Dale H. Botwin should prevail, independent of reformation. The record discloses persuasive legal and equitable defenses in her favor well within the jurisdiction of the Civil Court.
Plaintiff’s cause of action against Mrs. Botwin is on a guarantee of her husband’s indebtedness alleged to have been executed and delivered by her to plaintiff in August of 1969.
The instrument was actually signed in May of 1969 in connection with a loan which Mr. Botwin was then negotiating with the bank. At that time, Mr. Botwin was not in arrears on an earlier, and then existing, installment loan. The Trial Judge found that the date of August 19, 1969 was fraudulently inserted in the guarantee to link the instrument to the time when Mr. Botwin was in default under his earlier installment loan ‘ to buttress the specious claim that the guarantee was delivered in consideration of the forebearance to commence collection.” The Trial *1014 Judge also found that when signed, the instrument was “ completely in blank except for the signature of Dale ” and made no reference whatever to the proposed new loan, which, in fact, was never made. To put it differently, Mrs. Botwin signed a blank form of guarantee on a day in May of 1969, to induce the bank to lend money to her husband, but no such loan was ever maje. The complaint on the nonexistent August guarantee was properly dismissed (Cowen v. Winter, 162 N. Y. S. 971 [App. Term, 1st Dept.]).
Moreover, while alguarantee unconditionally delivered may not be faulted on the basis óf a condition subsequent not contained in the instrument, a guarantee delivered upon a condition precedent is not enforceable if the condition on which it was delivered does not occur (38 C. J. S., Guaranty, § 21, p. 1161; Standard Oil Co. v. Koch, 260 N. Y. 150; Cowen v. Winter, supra; see, also, Keybro Enterprises v. Four Seasons Country Club Caterers, 25 A D 2d 307, 311, affd. 19 N Y 2d 912; Franklin Nat. Bank of Long Is. v. Palm Beach Bldrs., 28 Misc 2d 986).
The conduct of the bank disclosed by this recorcf is censurable. To make matters worse, the officer who acted for the bank and witnessed Mrs. Botwin’s signature was not called by plaintiff as a witness. Granting the bank a judgment against Mrs. Botwin in these circumstances is contrary to the interests of justice and inequitable; and the Trial Judge’s refusal to do so should be sustained (Rosenthal v. Reliance Ins. Co., 25 A D 2d 860). In -any event, his decision should stand on the additional two grounds earlier alluded to, namely that: 1) plaintiff is not suing on the guarantee made in May of 1969, and 2) the blank instrument delivered to the bank in May was signed and delivered on a condition precedent, and the contingency contemplated by the parties never occurred.
Hence, I vote that the appeal be dismissed without reaching the merits, on the ground that the decision as such is not appeal-able ; and, on the merits, that the decision be affirmed.
Quinn, J. P., and Streit, J., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum.
Order reversed, etc.