■ HUDSON VALLEY PAPER COMPANY, Appellant, v CHARLES F. LA BELLE, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered July 30, 1990 in Albany County, which denied plaintiff's motion for summary judgment.

Defendant is the chief executive officer and a majority shareholder of Bell Offset, Inc., a printing concern which purchased the bulk of its paper goods from plaintiff. On April 1, 1987, defendant executed an instrument whereby, "[i]n order to induce [plaintiff] to give and continue to give to [Bell Offset] credit * * * and in consideration of any credit given, [defendant] absolutely and unconditionally guarantee[d] prompt payment when due and at all times thereafter of any and all existing and future indebtedness and liability of every kind, nature and character * * * from [Bell Offset] to [plaintiff]". Plaintiff made no further sales of goods on credit to Bell Offset. In January 1988, Bell Offset filed a petition for relief under chapter 11 of the Bankruptcy Reform Act (11 USC § 1101 *et seq.),* and plaintiff thereafter commenced this action to enforce defendant's guarantee seeking $46,343.99 due on Bell Offset's account and counsel fees and other costs and expenses of collection.

Defendant's answer asserted as affirmative defenses (1) the fraudulent inducement of the guarantee, (2) lack of consideration for the guarantee, and (3) plaintiff's breach of a claimed collateral oral agreement to deliver further goods on credit to Bell Offset. In May 1988, plaintiff filed a proof of claim in the bankruptcy proceeding and, following a trial to determine the validity of the claim, Bankruptcy Court ultimately issued an order determining, *inter alia,* that Bell Offset and defendant

were precluded by the Statute of Frauds from establishing the existence or breach of the claimed collateral agreement and that Bell Offset was absolutely indebted to plaintiff in the amount of $46,343.99. In this action, plaintiff moved for summary judgment for the relief demanded in the complaint, which was denied by Supreme Court upon the ground that the guarantee was not supported by consideration. Plaintiff appeals.

We reverse. Although we do not disagree with Supreme Court's determination that there would be a failure of consideration in a case where a guarantee rests solely upon a future extension of credit which is not forthcoming, here the guarantee was, by its own terms, given in consideration of past, as well as future, extensions of credit. A written guarantee given upon the expressed past consideration of credit actually extended is enforceable *(see,* General Obligations Law § 5-1105; *American Bank & Trust Co. v Lichtenstein,* 48 AD2d 790, *affd* 39 NY2d 857). Further, we agree with plaintiff that, as Bell Offset's principal, defendant is bound by Bankruptcy Court's determination that Bell Offset's indebtedness to plaintiff is absolute, without setoff, defense, counterclaim or reduction, and that the Statute of Frauds prohibits proof of any collateral agreement *(see, Town of Moreau v Orkin Exterminating Co.,* 165 AD2d 415). Finally, the affirmative defense of fraudulent inducement of the guarantee, as amplified by defendant's bill of particulars, is clearly meritless as it does not allege a "misrepresentation of a present or pre-existing fact known to be untrue by the party making it with the intent to deceive and for the purpose of inducing the other party to act upon it" *(Roney v Janis,* 77 AD2d 555, 556-557, *affd* 53 NY2d 1025; *see, Tutak v Tutak,* 123 AD2d 758, 760). Rather, defendant alleges representations which were by their very terms conditional and uncertain *(see, supra).*

Because plaintiff established the lack of merit to the affirmative defenses and the absence of factual issues to be determined at trial, Supreme Court should have granted the motion for summary judgment. The only remaining issue to be determined by Supreme Court is the amount of counsel fees and other costs of collection to be awarded on plaintiff's third cause of action.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to plaintiff and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.