SL SERVICE, INC., (formerly Sea–Land Service, Inc.), Plaintiff—Appellant,

v.

CLOU CONTAINERS, S.P.A., Defendant—Appellee.

SL Service, Inc., (formerly Sea–Land Service, Inc.), Plaintiff—Appellee,

and

Sea–Land Service Incorporated, Plaintiff,

v.

Clou Containers, S.P.A., Defendant—Appellant.

No. 00–16620, 00–16723.
D.C. No. CV–97–04365–CW.
D.C. No. CV–97–04365–CW(BZ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 24, 2002.

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

## MEMORANDUM *

SL Service, Inc. ("SL Service") appeals the district court's decision granting summary judgment in favor of CLOU ("CLOU") Containers on the grounds that the guaranty executed by CLOU was unenforceable under New York's statute of frauds. SL Service also appeals the district court's denial of SL Service's motion for summary adjudication of CLOU's failure-of-consideration defense. CLOU cross-appeals the district court's grant of SL Service's motion for summary adjudication of CLOU's fraud-in-the-inducement defense. We reverse and remand to the district court for further proceedings consistent with this decision.

I

We find that the guaranty was enforceable under New York law. Under New York law, contracts made to guarantee the debts of another are covered by the statute of frauds. The New York statute of frauds provides:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [i]s a special promise to answer for the debt, default or miscarriage of another person.

N.Y. Gen. Oblig. Law § 5–701.

New York courts have interpreted this statute and its predecessors to require that the written agreement or memorandum thereof contain all of the "substantial and material" terms of the contract. *Standard Oil v. Koch*, 260 N.Y. 150, 154, 183 N.E. 278 (1932) (citing *Drake v. Seamen*, 97 N.Y. 230 (1884)). The consideration provided for executing a guaranty has been held to be a material term, and thus required to be part of a written memorandum before the contract is valid. *Koch*, 260 N.Y. at 154, 183 N.E. 278; *Regent Brand Clothes, Inc. v. Bryer*, 13 N.Y.S.2d 320, 321 (N.Y.App.Div.1939).

In this case, the district court relied on *Koch* to rule that the recitation of consideration in the guaranty executed by CLOU only satisfied the statute of frauds for CLOU's assumption of future debts. Consequently, the court held that the guaranty was void and unenforceable under *Koch* and New York's statute of frauds as to CLOU's assumption of past debts. However, the district court misinterpreted *Koch*. In *Koch*, the court found that the parties had agreed that Standard Oil would forbear from suing on a prior note and would continue to deliver gasoline on credit in consideration for Koch's guaran-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tee of both past and future debts. The court found that Koch's guarantee of the past debt was unenforceable because the forbearance agreement was not included in the written document. Accordingly, *Koch* does not stand for the premise that courts may infer consideration for a guarantee of future debts in the absence of a specific contractual provision, but may not draw the same inference for past debts. In *Koch*, the court held that the contract was unenforceable as to past indebtedness because the writing did not include the forbearance provision, and thus did not reflect the entire agreement. *Koch* merely restates a longstanding New York rule—if a contract is controlled by the statute of frauds, a description of the *entire* agreement that remains executory must be contained in the written memorandum. *See Koch*, 260 N.Y. at 154, 183 N.E. 278 (citing *Drake*, 97 N.Y. 230) ("the writing must contain all the substantial and material terms of the contract, and must show on its face what the whole agreement is, so far as the same is executory and remains to be performed and rests upon unfulfilled promises"). In this case the guaranty memorializes the terms of the agreement which are not in dispute, and the memorandum satisfies New York's statute of frauds as to both past and future debt.

The district court also failed to consider the guaranty in light of New York's Past Consideration Statute. At the time *Koch* was decided, a contract could not be based on past consideration under New York law. New York has since added General Obligations Law § 5–1105, which states:

A promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid con-

sideration but for the time when it was given or performed.

Many New York cases have held that an extension of credit for goods or services is valid consideration for a guaranty contract. *See, e.g., Hudson Valley Paper Co. v. La-Belle*, 173 A.D.2d 1098, 571 N.Y.S.2d 107, 109 (N.Y.App.Div.1991) ("A written guarantee given upon the expressed past consideration of credit actually extended is enforceable"); *Koch*, 260 N.Y. at 154–55, 183 N.E. 278; *Sun Oil Co. v. Heller*, 248 N.Y. 28, 31–32, 161 N.E. 319 (1928). In this case, the guaranty expresses SL Service's past extension of credit to Central American Container Lines ("CACL") as consideration for CLOU's assumption of CACL's debt. SL Service's past extension of credit serves as valid consideration for CLOU's guarantee of both past and future debts in light of New York's Past Consideration Statute. We disagree with the district court's finding that the guaranty was unenforceable and reverse its decision to grant summary judgment for CLOU on that basis.

■ We also reverse the district court's decision to deny SL Service's motion for summary adjudication of CLOU's failure of consideration defense. There was no failure of consideration and the defense has no merit. We affirm the district court's decision granting SL Service's motion for summary adjudication of CLOU's fraud-in-the-inducement defense. This defense is barred by the parol evidence rule because the terms of the alleged oral agreement are contrary to those in the written guaranty.

We hold that the guaranty is enforceable and that CLOU has asserted no viable defense to its enforcement. Also, CLOU has established no genuine issue as to the amount owed under the guaranty. Accordingly, we remand with directions to the district court to grant SL Service's motion for summary judgment on its claim

that CLOU breached the guaranty and enter judgment in favor of SL Service in the amount of $815,550.74.

AFFIRMED in part, REVERSED in part, and REMANDED to the District Court for further proceedings consistent with this opinion.

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.